[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 16, 1990, the defendants Charles and Helen CT Page 2179 Gabriel executed a mortgage note and deed in favor of the plaintiff.
Thereafter, on July 6, 1994 plaintiff instituted a foreclosure action, alleging defendants defaulted in the payment of the note.
In response to plaintiff's complaint, Charles Gabriel filed an answer and special defense. Plaintiff now moves to strike that special defense claiming it legally insufficient.
The defendant argues that the court should deny the plaintiff's motion for three reasons. First, that the motion is itself insufficient under Practice Book § 154, in that the motion does not "distinctly specify the reason or reasons for each such claimed insufficiency." Second, that the plaintiff has introduced facts outside of the pleadings which is improper under a motion to strike. Third, that the special defense is sufficient as a matter of law. In as much as the plaintiff's motion to strike does not comply with Practice Book § 154, it is unnecessary for the court to consider the defendants' other arguments.
"Practice Book § 154 . . . requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency. . . . [A] motion to strike that does not specify the grounds of insufficiency is fatally defective . . . Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citations omitted; internal quotation marks omitted.) Blancato v. Feldspar Corporation, 203 Conn. 34, 36
n. 3, 522 A.2d 1235 (1987). Only where the opposing party makes no objection to the form of the motion to strike will consideration be given to the motion "in the form presented to the trial court." Morris v. Hartford Courant, 200 Conn. 676,683 n. 5, 513 A.2d 66 (1986).
Accordingly, as the defendant has objected to the form of the plaintiff's motion to strike, plaintiff's motion is fatally defective and is denied.
WEST, J. CT Page 2180